**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**MEREDITH HILL FOR**
**JORDAN M. HILL**                                                                                     **PLAINTIFF**

**VERSUS**                                                         **CIVIL ACTION NO. 2:08-CV- 43- P-A**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF**
**SOCIAL SECURITY**                                                       **DEFENDANT**

## ORDER

The defendant, Michael J. Astrue, seeks dismissal of the plaintiff's appeal for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Alternatively, the defendant seeks an award of summary judgement. [docket no.8]

On May 1, 2007, an Administrative Law Judge issued a decision denying Hill's claim for supplemental security income. Hill then appealed the ALJ's decision to the Appeals Council, which denied her request for review and informed her that she had a right to judicial review, but that she had to file her claim within sixty-five days of the date of the letter, unless she could demonstrate that she did not receive it in that time frame. The letter from the Appeals Council was dated August 5, 2007. Hill filed her complaint on March 3, 2008, which is 216 days from the date stamped on the Appeals Council letter. The defendant contends that because Hill did not file her claim within sixty days of the Appeals Council notice, the court does not have subject matter jurisdiction to hear her appeal and consequently she has not stated a claim upon which relief may be granted. Hill has not responded to the motion.

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the federal court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and

absent jurisdiction conferred by a statue, lack the ability to adjudicate claims. *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). It is the duty of a federal court to dismiss an action whenever it appears that subject matter jurisdiction is lacking. *Id.* Lack of subject matter jurisdiction may be found in one of three ways: (1) on the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record; and (3) the complaint supplemented by the undisputed facts plus the court's resolution of disputed facts. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction bears the burden of demonstrating that jurisdiction is proper. *Stockman*, 138 F.3d at 151 citing to *Epps v. Bexar-Medina-Atacosa Counties Water Improvement Dist. NO. 1*, 655 F.2d 594, 595 (5th Cir. 1982).

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court first considers the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Ramming*, 281 F.3d at 161. This requirement precludes a court without jurisdiction from dismissing a case with prejudice. *Id.*

A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and rarely granted." *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004), citing *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997). The complaint is liberally construed in the plaintiff's favor, and all well-pleaded facts in the complaint are taken as true. *Id.* The issue is whether the plaintiff is entitled to offer evidence to support her claim, not whether she will prevail on the claim. *Id.* Although detailed factual allegations are not required, the plaintiff must supply the basis for its justification for relief. *Ollie v. Plano Independent School Dist.*, 564 F.Supp.2d 658, 660 (E.D. Tex. 2008), citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). Consequently, the court will not dismiss a claim unless the plaintiff will not be entitled to any relief

2

under any facts or possible theory that the plaintiff could prove consistent with the allegations of the complaint. *Priester*, 354 F.3d at 418.

The court's jurisdiction in this matter is conferred by 42 U.S.C. §405(g) which states in part, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ."[1] The action "shall be brought in the district court of the United Sates for the judicial district in which the plaintiff resides."[2] The sixty-day limit on judicial review is a statue of limitations, which is conditioned on the waiver of sovereign immunity and must be strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). The statute's attendant regulation further explains the time frame in which the claim must be brought before the court by providing that the date of receipt of notice shall be "presumed to be five days after the date of the notice, unless there is a reasonable showing to the contrary." 20 C.F.R. §422.301(c).

Reading both the statute and the regulation together, the court finds that the sixty-five day statute of limitations period begins to run on the date the notice is postmarked. Although the statute identifies the relevant date for calculating the running of the sixty-day statute of limitations as the date of the notice, it also makes allowance for "a reasonable showing to the contrary." The regulation then allows five days for the document placed in the mail to reach the party.[3]

---

[1] *See also* 20 C.F.R. §422.210(a)(judicial review available if the Appeals Council denied the claimant's request for review).

[2] 42 U.S.C. §405(g)(2008).

[3] The five day delivery period is a corollary to the allotment of an additional three days to any time period for service made under Rule 5(b)(2)(C), (D),(E) or (F) found in Rule 6(d) of the FED.R.CIV.P.

Consequently, the claimant has sixty-five days from the postmark of the Appeals Council notice in order to file her claim with the court. The court calculates the sixty-five day time limit as beginning on August 5, 2007 and expiring on October 9, 2007. Hill filed her claim on March 3, 2008, which was not within the sixty-five day statue of limitations. Therefore, the court does not retain jurisdiction to hear Hill's claim.

Accordingly, it is ORDERED

That the defendant's motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted is GRANTED.

This the 23rd day of October, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE